**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-2211

_____

UNITED STATES OF AMERICA

v.

DELEON FREEMAN,
                                        Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3:18-cr-00750-001)
District Judge: Honorable Peter G. Sheridan

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on December 11, 2023

Before: BIBAS, PORTER, and FREEMAN, *Circuit Judges*

(Filed: December 12, 2023)

_____

OPINION*

_____

BIBAS, *Circuit Judge*.

DeLeon Freeman pleaded guilty to possessing a gun as a convicted felon. With two

exceptions, he waived the right to appeal or collaterally attack his conviction or sentence

---

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

so long as the sentence did not exceed the Guidelines range corresponding to a total offense level of 25. The District Court adopted that total offense level and sentenced him to 84 months' imprisonment, the bottom of the Guidelines range. Even so, Freeman filed a pro se notice of appeal.

Now, Freeman's court-appointed counsel has filed an *Anders* brief and moved to withdraw, arguing that any appeal would be frivolous. *See* 3d Cir. L.A.R. 109.2(a) (citing *Anders v. California*, 386 U.S. 738 (1967)). Having reviewed the briefs and the record, we agree. So we will affirm and grant counsel's motion to withdraw.

The *Anders* brief shows that counsel has reviewed the record thoroughly in search of appealable issues. The brief is "adequate on its face." *United States v. Youla*, 241 F.3d 296, 301 (3d Cir. 2001). Though counsel's analysis lights our path, we must still review the record ourselves. *See id.* Counsel identifies five potential issues for appeal. We do not see any others. None has merit.

First, there is no question about jurisdiction. The District Court had jurisdiction under 18 U.S.C. § 3231, as we do under 28 U.S.C. § 1291.

Second, Freeman's guilty plea was knowing and voluntary. *See Brady v. United States*, 397 U.S. 742, 748 (1970). At the plea hearing, the District Court verified that Freeman understood English; had a high-school-equivalent diploma; and was not impaired by drugs, medication, alcohol, or illness. Freeman confirmed that he had discussed the plea agreement with his lawyer and was pleading guilty freely, not because of any threats. After hearing his responses, the court found that he was competent to plead and that his plea was knowing and voluntary.

The court's colloquy tracked Federal Rule of Criminal Procedure 11(b), warning him of the various rights he was waiving and the statutory minimum and maximum sentences that he faced. The Government also summarized the plea agreement and the elements of the crime. In response, Freeman admitted that he had two felony convictions, that he knew he had been sentenced to more than one year's imprisonment, and that he had possessed a gun. As the District Court found, that was enough.

Third, the appeal waiver is enforceable. Both the Government and the court explained it to Freeman at his plea colloquy, including the exceptions letting him challenge his criminal-history category or ineffective assistance of counsel. He responded that he knew he was waiving his right to appeal for any other reason. Nothing in the record casts doubt on his knowing, voluntary decision to enter the plea agreement and accept its appeal waiver. So the waiver is valid. *See United States v. Khattak*, 273 F.3d 557, 563 (3d Cir. 2001). Enforcing it would not "work a miscarriage of justice." *Id.* Thus, because his sentence fell within the range of the agreed-upon total offense level of 25, the waiver bars all but two challenges to his conviction or sentence.

Fourth, it is too soon to consider ineffective assistance of counsel. We normally wait until collateral review under 28 U.S.C. § 2255, after the direct appeal. *See United States v. Washington*, 869 F.3d 193, 202–03 (3d Cir. 2017). There is no reason to deviate from this norm here.

Finally, the District Court computed Freeman's criminal-history score properly. Freeman hoped to argue that his two 2002 sentences should not count because they were imposed sixteen years before this 2018 crime. But he did not finish serving them until 2006,

twelve years before this crime. Because he was still in prison for those convictions within the last fifteen years, they count towards his criminal history. U.S.S.G. §4A1.2(e)(1).

Freeman also hoped to argue that those two sentences should have been treated as a single sentence because they ran concurrently. But "[p]rior sentences always are counted *separately* if the sentences were imposed for offenses that were separated by an intervening arrest." §4A1.2(a)(2) (emphasis added). He possessed cocaine and a gun on September 26, 2000, and was arrested that day. He then committed and was arrested for aggravated assault the following December. In any event, Freeman was charged with both sets of crimes in separate indictments and sentenced for them on different dates. So both sentences count separately. *See id.*

Our review of the record confirms that any appeal would be frivolous. We will affirm Freeman's sentence, grant counsel's motion to withdraw, and excuse counsel from petitioning for rehearing or for a writ of certiorari. *See* 3d Cir. L.A.R. 35.4, 109.2(a)–(b).